**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5007**

WRITER'S INTERNET ADDRESS
**dianedoolittle@quinnemanuel.com**

July 20, 2023

**VIA FEDEX**

Chief Judge Laura Taylor Swain, Courtroom 17C
District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Amber Doe v. Sequoia Capital et al.*, Case 1:23-cv-05881-UA (S.D.N.Y. 2023)

Chambers of the Honorable Chief Judge Laura Taylor Swain:

For the Court's convenience, attached please find two decisions issued by Judge Frimpong of the District Court for the Central District of California regarding these same parties and claims.

Respectfully,

*Diane M. Doolittle*

Diane M. Doolittle

cc: Amber Doe, 8306- 2020 Wilshire Blvd., Los Angeles, CA 90211

Case 2:23-cv-06439-MEMF-SK Document 6 Filed 07/28/23 Page 2 of 9 Page ID #:319
Case 2:23-cv-02280-MEMF-SK Document 38 Filed 05/22/23 Page 1 of 5 Page ID #:8633
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| AMBER DOE, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | 2:23-cv-02280-MEMF (SK) |
| MICHAEL LEWIS GOGUEN, et al., | ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

~~IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.~~

_____   _____
Date                                          United States Magistrate Judge

---

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☒ Legally and/or factually patently frivolous
- ☒ Other: <u>Failure to state a claim on which relief may be granted.</u>
- ☒ District Court lacks jurisdiction
- ☒ Immunity as to many defendants

Comments:
SEE ATTACHMENT.

May 15, 2023                                 /s/ Steve Kim
Date                                          United States Magistrate Judge

---

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
    - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
    - ☒ This complaint is DISMISSED without leave to amend.
    - ☒ This action is DISMISSED with prejudice. All pending motions are DENIED as moot.

May 22, 2023                                 [signature]
Date                                          United States District Judge

CV-73 (08/16)     ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

## ATTACHMENT

### *Amber Doe v. Michael Lewis Goguen, et al.*

### Case No. 2:23-cv-02280-MEMF (SK)

Plaintiff Amber Doe seeks to proceed in forma pauperis (IFP) with a 1,700-page complaint ostensibly naming more than 150 defendants, purporting to allege over 50 causes of action, and attaching several sexually explicit or salacious images (which the court had to order redacted from the public docket). The named defendants include not only the lead defendant, Michael Lewis Goguen, who recently secured a civil harassment restraining order against plaintiff in San Mateo County Superior Court, but also every judge or lawyer conceivably connected to that state court case. The discursive complaint also names the United States of America, the State of California, "Human Traffickers," "Strip Clubs," "Model Studios," "Rock Stars," the "World Bank," a "Saudi Arabian oil company," the "US mint," up to 10 million unidentified Does, and nearly every major retail, technology, communication, news media, entertainment, sports, health, food and beverage, oil, or automotive company in the country. From what the court can intelligibly discern (which is very little), plaintiff seeks over $1 billion in damages, the opening of federal criminal investigations, and other coercive extrajudicial orders.

Plaintiff's IFP application should be denied, and the complaint accordingly dismissed without leave to amend, for any or all of these reasons:

1. <u>The court has no subject matter jurisdiction.</u> *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). The complaint alleges no proper basis for diversity jurisdiction under 28 U.S.C. § 1332(a). To the contrary, the civil cover sheet to the complaint[1] notes that both plaintiff and (at least one) defendant are both from the same state (ECF 1-6 at 1), thereby eliminating diversity jurisdiction. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (§ 1332 requires "complete diversity," meaning citizenship of "each plaintiff is different from that of each defendant"). And the court need not blindly assume that the amount-in-controversy requirement can be met by plaintiff's facially implausible demand for more than $1 billion in damages. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (federal courts need not accept alleged amount in controversy claimed with no good faith); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010)

---

[1] This is not to suggest that information on a civil cover sheet can replace a properly pled complaint. *See Payne v. JP Morgan Chase Bank N.A.*, 2015 WL 12832118, at *1 n.1 (C.D. Cal. Sept. 22, 2015) ("[B]ecause the cover sheet is not a pleading and does not amend or modify a pleading, its contents cannot satisfy the standards governing federal pleadings."); *McKinney v. Law Off. of James Duncan*, 2010 WL 668027, at *7 (N.D. Cal. Feb. 19, 2010) ("A Civil Cover Sheet does not supplant the complaint."). But the lack of proper jurisdictional facts even on the civil cover sheet only further exposes the patent jurisdictional deficiencies of the complaint.

(federal courts need not accept amount in controversy alleged on face of complaint if "it is obvious that the suit cannot involve the necessary amount").

Nor does the complaint allege any proper basis for federal question jurisdiction under 28 U.S.C. § 1331. Indeed, the only claimed basis for jurisdiction—again as reflected on the complaint's civil cover sheet—is as a suit against the United States. (ECF 1-6 at 1). But not only does the United States enjoy "sovereign immunity" from civil suit (absent express waiver), *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1127 (9th Cir. 2019), the complaint purports to be only a civil suit about the "torts" of "other personal injury" or "other fraud." (ECF 6-1 at 1). Federal courts have no general subject matter jurisdiction over common law torts. *See generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). And while the complaint cites to random federal statutes and purports to invoke the protections of the federal Constitution, it states with no "sufficient particularity" any pertinent facts "creating jurisdiction" under federal law. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *see Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (suit may "be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."); *Denton v. Agents of Oregon*, 2012 WL 5342541, at *1 (D. Or. Oct. 29, 2012) ("[P]laintiff's conclusory allegations, bare citation to the Constitution, and passing references to federal issues are insufficient to establish subject matter jurisdiction."). In short, jurisdiction under § 1331 is lacking because there is no "well-pleaded complaint" here showing that plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983).

Finally, with no original subject matter jurisdiction, the court has no supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c).

2. <u>The complaint "seeks monetary relief against" many defendants who are "immune from such relief."</u> 28 U.S.C. § 1915(e)(2)(B). As noted, the United States enjoys sovereign immunity from civil suits (absent express waiver, which nothing in the complaint supports). Similarly, the State of California is immune from damages suits under the Eleventh Amendment, as are the State's courts. *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). And judicial immunity applies to the decisions of individual judges in the suits over which they preside. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (Judicial "immunity applies even when the judge is accused of acting maliciously and corruptly.") (cleaned up).

3. <u>The complaint is barred the *Rooker-Feldman* doctrine.</u> At root, the complaint appears to be an unauthorized collateral attack on the judgment of the San Mateo County Superior Court, which entered a civil harassment restraining order against plaintiff and in favor of defendant Michael Goguen. But "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Thus, as far as the complaint invites review of "injuries caused by state-court judgments" and seeks "rejection of those judgments," it is foreclosed by the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005).

4. <u>The complaint "fails to state a claim on which relief may be granted" and is "frivolous or malicious."</u> 28 U.S.C. § 1915(e)(2)(B). To survive the pleading stage, a civil complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And to prevent "abusive or captious litigation," the IFP statute "authorizes federal courts to dismiss" any action that "is frivolous or malicious." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (cleaned up). Frivolous complaints are those that "lack[] an arguable basis either in law or in fact." *Id.* And a "complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases." *Young Yil Jo v. Six Unknown Names Agents*, 2006 WL 3483429, at *1 (E.D. Cal. Dec. 1, 2006).

The complaint fails all these pleading standards. It contains "incomprehensible rambling[s]" with no coherent factual allegations or intelligible legal claims. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). "Even measured by the liberal standards accorded pro se litigants," a complaint like the one here—"rambling and garbled" or "incomprehensible"—must be dismissed. *Burgess v. City & Cty. of S.F.*, 955 F.2d 47, 47 (9th Cir. 1992); *see United States v. Banks*, 639 F. App'x 69, 70 (3d Cir. 2016) (pro se pleading "depicting various handwritten figures and rambling references" but with no comprehensible "argument, claim, or request for relief . . . is not a type of pleading requiring attention by the court"). The complaint is also a quintessential "shotgun pleading" which (1) fails to differentiate between defendants such that it is impossible to determine which defendant is accused of what, (2) provides no factual allegations that can be logically organized into each count of the complaint, and (3) contains many conclusory, vague, and immaterial facts unconnected to a particular cause of action. *Jaime v. Parts Auth. LLC*, 2021 WL 3055041, at *7 (D. Ariz. July 20, 2021). Such shotgun complaints may be summarily dismissed, *see Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2015

WL 12777092, at *4 (C.D. Cal. Oct. 23, 2015), because even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (cleaned up). And as much as the complaint is understandable at all, it appears to have no purpose other than a vexatious one of circumventing the civil harassment restraining order entered by the San Mateo County Superior Court.

     5.    <u>Leave to amend would be futile.</u> "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000). Moreover, plaintiff had a chance to explain (if possible) why her complaint should be allowed to proceed given its manifest deficiencies. (ECF 12). That order instructed plaintiff not to file documents with "any sexually explicit or salacious content of any kind" and not to "reference (directly or indirectly) statements that are the subject of the civil harassment restraining order issued by the San Mateo County Superior Court on March 6, 2023." (*Id.*). Doing so, the order warned, would lead to involuntary dismissal for violating court orders. (*Id.*). Yet rather than appropriately respond to that order, plaintiff filed just three days later an application for a temporary restraining order—comprising more than 140 pages—which not only referenced prohibited statements from the state court restraining order but again included sexually explicit content. (ECF 13). That flagrant violation of the court's order required another sealing and redaction order. (ECF 17). And not only did plaintiff ultimately fail to show cause why her complaint should not be dismissed for the many deficiencies outlined here (ECF 23), she doubled down by filing a defective motion for default judgment (ECF 24, 29) and a 500-page motion for summary judgment supported by a 1,700-page declaration with exhibits (ECF 28, 30-31). Under these egregious circumstances, leave to amend the complaint should be denied as futile and this action should be dismissed with prejudice. *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 134 (9th Cir. 1987). Any pending motions may then be denied as moot.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Freedom Doe | CASE NUMBER |
| PLAINTIFF(S) | 2:23-cv-04723-MEMF-SK |
| v. | |
| Quinn Emanuel Urquhart and Sullivan LLP, et al. | ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE) |
| DEFENDANT(S) | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.  ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
☒ The action is frivolous or malicious.
☒ The action fails to state a claim upon which relief may be granted.
☒ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| June 16, 2023 | /s/ |
| Date | United States District Judge |

This action is duplicative of one the Court previously dismissed with prejudice. See Doe v. Goguen, et al., 2:23-cv-02280-MEMF-SK. Accordingly, this newly filed action also must be dismissed with prejudice. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (affirming district court's dismissal and noting that "[t]here is no abuse of discretion where a district court dismisses under § 1915[] a complaint that merely repeats pending or previously litigated claims.") (citation and internal quotations omitted); see also Diamond v. City of Los Angeles, 700 F. App'x 727, 728 (9th Cir. 2017) (district court did not abuse its discretion by dismissing action that was duplicative of plaintiff's earlier action against the same defendant in the same district court) (citation omitted).

*(attach additional pages if necessary)*

