QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Bruce E Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443 3000
Facsimile:   (213) 443 3100

  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER DOE,<br><br>Plaintiff,<br><br>v.<br><br>SEQUOIA CAPITAL, et al.,<br><br>Defendants. | Case No. 2:23-cv-06439-MEMF-SK<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>Referral: Hon. Steve Kim<br><br>**DEFENDANT MICHAEL LEWIS GOGUEN'S *EX PARTE* APPLICATION FOR ORDER SEALING AMBER DOE'S FILINGS AT ECF NOS. 1, 7, 7-5, 9, 13**<br><br>[[Proposed] Order and Declaration of Kyle Batter submitted herewith] |

# *EX PARTE* APPLICATION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Defendant Michael Goguen, hereby applies *ex parte* for an order sealing Plaintiff Amber Doe's filings in this matter at ECF Nos. 1, 7, 7-5, 9, 13 (collectively, "Baptiste's Filings").

This application is made on the grounds that compelling reasons exists to seal Baptiste's Filings under applicable law, including that their contents violate the express terms of an active Civil Harassment Restraining Order issued by the San Mateo Superior Court on March 6, 2023 (the "Restraining Order"). (Declaration of Kyle Batter filed herewith, Exhibit A.) This is the *fourth* application to seal required by Baptiste's flouting of the Restraining Order. The Court has granted the three other applications. (Case No. 2:23-cv-02280-MEMF-SK, ECF Nos. 9, 17, 35.)

Like Baptiste's prior filings that the Court has sealed, Baptiste's Filings here contain numerous statements in clear violation of the Restraining Order. As this Court has recognized through its previous orders, the presumption of public access attached to a pleading is overridden where, as here, the "files might have become a vehicle for improper purposes," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), or are used to "promote public scandal, circulate libelous statements, or release trade secrets," *Johnson v. Cnty of San Bernardino*, 2021 WL 9720772, at *1 (C.D. Cal. Mar. 30, 2021) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

Counsel contacted Baptiste at amberlitigate@gmail.com regarding her violations of the Restraining Order, informed her that Baptiste's Filings constitute a violation, and provided notice of this *ex parte* application. (Batter Decl., Ex. B.)

Dated: August 23, 2023    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Diane Doolittle*
*Attorneys for Defendant Michael Goguen*

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ........................................................................................................ 2

    I.     Goguen Prevailed Against Baptiste in the San Mateo Superior Court ............. 2

    II.    Baptiste Twice Lost in this Court ..................................................................... 2

    III.   Baptiste's Additional Filings Violate the Restraining Order ........................... 4

ARGUMENT ............................................................................................................. 5

CONCLUSION .......................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Cat Coven LLC v. Shein Fashion Grp., Inc.*,
   2019 WL 10856813 (C.D. Cal. Dec. 20, 2019) .................................................. 2, 6

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ..................................................................................................... 6

*Hagestad v. Tragesser*,
   49 F.3d 1430 (9th Cir. 1995) ..................................................................................... 6

*Johnson v. Cnty of San Bernardino*,
   2021 WL 9720772 (C.D. Cal. Mar. 30, 2021) ........................................................ 6

*Kamakana v. City & Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ................................................................................... 6

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) ........................................................................................... 2, 5, 6

**Rules and Regulations**

Local Rule 7-19 ................................................................................................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

This purported lawsuit is the latest in a long line of harassing and vexatious proceedings brought by Plaintiff Amber Baptiste (presenting herself under the pseudonym "Amber Doe") against Michael Goguen. For years, Baptiste has incessantly harassed Goguen and published false and defamatory statements about him. As a result, the San Mateo Superior Court has issued not one, but two Restraining Orders against Baptiste. Evidently displeased with those orders, Baptiste has filed *four* frivolous complaints against or about Goguen with—as this Court put it—"no purpose other than a vexatious one of circumventing the civil harassment restraining order entered by the San Mateo County Superior Court." (*Amber Doe v. Goguen*, Case No. 2:23-cv-02280-MEMF-SK (C.D. Cal.) (dismissed with prejudice at ECF No. 38); (*Jane Freedom Doe v. Quinn Emanuel*, Case No. 2:23-cv-04723-MEMF-SK (C.D. Cal.) (dismissed with prejudice at ECF No. 5); *Amber Doe v. Goguen*, Case No. 1:23-cv-05881-UA (S.D.N.Y.) (transferred to this Court at ECF No. 8); *Amber Doe v. Goguen*, Case No. 9:23-cv-00088-DWM (D. Mont.) (motion to dismiss to be filed).) Baptiste's complaints in these four actions are nothing more than a vehicle to improperly repeat all of her incendiary statements about Goguen that the San Mateo Superior Court found—after a trial on the merits—are false, and that the court restrained her from making.

The legal and factual issues presented by this application are the very same as those set forth in Goguen's *three* prior *ex parte* applications to seal Baptiste's prior defamatory filings—all of which this Court granted. (Case No. 2:23-cv-02280-MEMF-SK, ECF Nos. 9, 17, 35.) Here again, for the fourth time, Baptiste's papers (specifically her filings at ECF Nos. 1, 7, 7-5, 9, and 13 (collectively, "Baptiste's Filings")) constitute a clear violation of the Restraining Order, which enjoins Baptiste from repeating "false and defamatory statements, under her own name or under any pseudonym" that she had previously made against Goguen. Baptiste's

continuing attempts to use this Court's public docket to broadcast salacious, false, defamatory, and debunked allegations will cause, and is causing, irreparable harm to Goguen. An Order sealing Baptiste's Filings will alleviate that harm and is supported by "compelling reasons." "Compelling reasons to seal are generally found where documents, if made part of the public record, 'might … become a vehicle for improper purposes.'" *Cat Coven LLC v. Shein Fashion Grp., Inc.* 2019 WL 10856813, at *1 (C.D. Cal. Dec. 20, 2019) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Baptiste's continuing violation of the Restraining Order remains an "improper purpose" justifying relief.

## BACKGROUND

### I. Goguen Prevailed Against Baptiste in the San Mateo Superior Court

On March 8, 2016, Baptiste filed a complaint in the San Mateo Superior Court against Goguen for breach of contract. (Batter Decl., ¶ 2.) On March 14, 2016, Goguen filed a cross-complaint for, among other things, extortion, fraud, and a civil restraining order. (*Id.*) Following a trial on the merits, the San Mateo Superior Court issued its Final Statement of Decision on January 24, 2020, finding that Baptiste extorted and defrauded Goguen. (*Id.*) The San Mateo Superior Court also found in Goguen's favor on his claim for the issuance of a civil harassment restraining order, where the Court ordered that Baptiste was restrained from repeating eighteen enumerated false and defamatory statements. (*Id.*) On March 6, 2023, following Goguen's application to renew the restraining order, and for good cause shown, the San Mateo Superior Court issued the renewed Restraining Order. (*Id.*, Ex. A.)

### II. Baptiste Twice Lost in this Court

On March 28, 2023, only weeks after the San Mateo Superior Court issued the Renewed Restraining Order against Baptiste, she filed a complaint against Goguen in this Court. (Case No. 2:23-cv-02280-MEMF-SK, ECF No. 1.) The retaliatory 1,753-page *pro se* filing purported to bring claims against more than 150 named defendants including Goguen, several of Goguen's companies, Judge Danny Chou of the San

Mateo Superior Court, numerous other San Mateo county judges who issued orders against Baptiste, multiple law firms, the United States of America, the State of California, The U.S. Mint, and a host of unrelated corporations and executives including Microsoft, Oracle, GMC, Apple, Kodak, Boeing, Honda Motor Company, Elon Musk, Bill Gates, the World Bank, "Rappers," and "Rock Stars." (*Id.* at 3-19.)

Shortly thereafter, the Court sealed many of Baptiste's filings because they violated the Restraining Order (ECF Nos. 9, 17, 35) and dismissed Baptiste's complaint with prejudice, finding that it was "patently frivolous," "an unauthorized collateral attack on the judgment of the San Mateo County Superior Court, which entered a civil harassment restraining order against plaintiff and in favor of defendant Michael Goguen." (*Id.*, ECF No. 38.) The court further found that Baptiste's complaint "contains incomprehensible ramblings with no coherent factual allegations or intelligible legal claims," and "appears to have no purpose other than a vexatious one of circumventing the civil harassment restraining order entered by the San Mateo County Superior Court." (*Id.*)

Unfortunately, the Court's dismissal did not stop Baptiste's abuse of the legal system. Several weeks later, she filed *another* complaint in this Court, though she sought to conceal her identity from the Court by filing under the pseudonym "Jane Freedom Doe." (Case No. 2:23-cv-04723-MEMF-SK, ECF No. 1.) But the Court was not fooled and dismissed Baptiste's complaint just two days later, finding that "[t]his action is duplicative of one the Court previously dismissed with prejudice" and therefore "this newly filed action also must be dismissed with prejudice." (*Id.*, ECF No. 5.)

Apparently recognizing that she would have no luck in C.D. Cal., Baptiste filed a substantively identical 1,355-page complaint in the District Court for the Southern District of New York (Case No. 1:23-cv-05881-UA) but the court was made aware of Baptiste's prior filings and thus *sua sponte* transferred her case to C.D. Cal, where her prior actions had been dismissed with prejudice. (Case No. 2:23-cv-06439-MEMF-

SK, ECF No. 8.) At around the same time, Baptiste filed *yet another* (her fourth) substantively identical complaint in the District Court for the District of Montana. (Case No. 9:23-cv-00088-DWM.) To the best of our knowledge, Baptiste has not served, nor attempted to serve, any defendant in any of these frivolous lawsuits.

### III. Baptiste's Additional Filings Violate the Restraining Order

Like her prior filings that this Court sealed and then dismissed with prejudice, Baptiste has filed *thousands* of pages of documents in this action that violate the Restraining Order. (ECF Nos. 1, 7, 7-5, 9, 13 ("Baptiste's Filings").) Baptiste's Filings falsely claim—in direct contravention of the Restraining Order—that:

- Goguen purchased Baptiste from an organized crime syndicate (*see, e.g.*, ECF No. 1 at 34; ECF No. 7 at 60; ECF No. 7-5 at 16; ECF No. 9 at 290; ECF No. 13 at 22, 79);
- Goguen raped or abused Baptiste or any other women (*see, e.g.*, ECF No. 1 at 21, 28; ECF No. 7 at 21, 28; ECF No. 7-5 at 3, 5, 7; ECF No. 9 at 4, 9; ECF No. 13 at 55, 70);
- Goguen infected Baptiste or any other women with an STD (*see, e.g.*, ECF No. 1 at 24, 35, 129; ECF No. 7 at 24, 35, 129; ECF No. 7-5 at 13; ECF No. 9 at 4, 90; ECF No. 13 at 55);
- Goguen kept Baptiste as a sex slave (*see, e.g.*, ECF No. 1 at 21, 26, 28; ECF No. 7 at 21, 26, 28; ECF No. 7-5 at 3, 7, 15, 19; ECF No. 9 at 90, 101);
- Goguen tore Baptiste's anal canal during sex (*see, e.g.*, ECF No. 1 at 167, 250; ECF No. 7 at 167, 249; ECF No. 9 at 4; ECF No. 13 at 55);
- Goguen stalked or harassed Baptiste or any other persons (*see, e.g.*, ECF No. 1 at 18, 31, 51; ECF No. 7 at 18, 31, 51; ECF No. 7-5 at 4-10; ECF No. 9 at 3, 7; ECF No. 13 at 39, 52);
- Goguen engaged in human trafficking (*see, e.g.*, ECF No. 1 at 17; ECF No. 7 at 17; ECF No. 7-5 at 4, 10, 20; ECF No. 9 at 3, 4; ECF No. 13 at 9, 51);
- Goguen is a pedophile, psychopath, pervert, or sexual deviant (*see, e.g.*,

1  ECF No. 1 at 27, 42; ECF No. 7 at 27, 42; ECF No. 7-5 at 11, 17; ECF No.
2  9 at 11, 96; ECF No. 13 at 62);

3  • Goguen forced women to have abortions (*see, e.g.*, ECF No. 1 at 38, 98;
4  ECF No. 7 at 38, 98; ECF No. 7-5 at 15, 16, 29; ECF No. 9 at 91, 92 96);

5  • Goguen committed or solicited murder (*see, e.g.*, ECF No. 1 at 18, 76; ECF
6  No. 7 at 18,76; ECF No. 7-5 at 10, 15; ECF No. 9 at 10, 115; ECF No. 13
7  at 61);

8  • Goguen bribed the Court, attorneys, or law enforcement (*see, e.g.*, ECF No.
9  1 at 88, 108, 110; ECF No. 7 at 88, 108, 110; ECF No. 7-5 at 4, 19, 20; ECF
10  No. 9 at 11, 13, 24; ECF No. 13 at 62);

11  • Goguen married multiple prostitutes (*see, e.g.*, ECF No. 1 at 93; ECF No. 7
12  at 93; ECF No. 7-5 at 38; ECF No. 9 at 125);

13  • Goguen committed tax fraud (*see, e.g.*, ECF No. 1 at 36, 92; ECF No. 7 at
14  36, 92; ECF No. 7-5 at 14; ECF No. 9 at 9, 45, 52, 125; ECF No. 13 at 60);

15  • Goguen silenced victims through nondisclosure agreements (*see, e.g.*, ECF
16  No. 1 at 106; ECF No. 7 at 106; ECF No. 7-5 at 41; ECF No. 9 at 133, 185).[1]

17  The San Mateo Superior Court conclusively determined that *all* of these
18  allegations by Baptiste are "false and defamatory." (Batter Decl., Ex. A at Attachment
19  11.)

## ARGUMENT

21  Notwithstanding a general presumption of public access to judicial filings, it is
22  "uncontested . . . that the right to inspect and copy judicial records is not absolute."
23  *Nixon*, 435 U.S. at 598. Rather, "[e]very court has supervisory power over its own
24  records and files, and access has been denied where court files might have become a
25  vehicle for improper purposes," including filings "used to gratify spite or promote

---

[1] This non-exhaustive list represents a *tiny* fraction of the *thousands* of statements by Baptiste in her recent Filings that violate the Restraining Order.

public scandal." *Id.* (internal citations omitted). This authority follows from the bedrock principle that "certain implied powers must necessarily result in our Courts of justice from the nature of their institution." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted). A "party satisfies its burden for sealing documents … when the party presents compelling reasons supported by specific factual findings." *Cat Coven LLC*, 2019 WL 10856813, at *1 (internal citations omitted). Compelling reasons "are generally found where documents, if made part of the public record, '*might … become a vehicle for improper purposes*,'" *Id.* (quoting *Nixon*, 435 U.S. at 598 (emphasis added)), or where the documents would "promote public scandal, *circulate libelous statements*, or release trade secrets," *Johnson v. Cnty of San Bernardino*, 2021 WL 9720772, at *1 (C.D. Cal. Mar. 30, 2021) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added)). A court must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture," but the decision on whether to seal remains "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

Like her prior filings that this Court recently sealed and dismissed with prejudice, Baptiste's Filings here contain thousands of statements that violate the Restraining Order. (*See Supra* at 4-5.) For the avoidance of any doubt, all of these claims are false (as the San Mateo Superior Court found). But what matters for purposes of this application to seal is that they are improper, libelous, and prohibited by the Restraining Order. Sealing Baptiste's Filings are necessary to prevent Baptiste from using the power of this Court's public docket to spread incendiary claims that have already been determined to be false and defamatory. At minimum, preventing Baptiste from openly flouting the Restraining Order with such claims constitutes a "compelling reason" to seal. *See Johnson*, 2021 WL 9720772, at *1; *Kamakana* 447 F.3d at 1179; *Cat Coven LLC*, 2019 WL 10856813, at *1; *Nixon*, 435 U.S. at 598.

## CONCLUSION

For the foregoing reasons, Goguen respectfully requests that the Court grant this *ex parte* application and direct the Clerk of Court to seal ECF Nos. 1, 7, 7-5, 9, and 13.

DATED: August 23, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Diane Doolittle*
  Diane Doolittle
  *Attorneys for Defendant Michael Goguen*