1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    Bruce E. Van Dalsem (Bar No. 124128)
     brucevandalsem@quinnemanuel.com
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone:   (213) 443-3000
5  Facsimile:   (213) 443-3100

6    Diane M. Doolittle (Bar No. 142046)
7    dianedoolittle@quinnemanuel.com
     Kyle Batter (Bar No. 301803)
8    kylebatter@quinnemanuel.com
9  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
10 Telephone: (650) 801-5000
11 Facsimile: (650) 801-5100

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15 | AMBER DOE,                        | Case No. 2:23-cv-06439-MEMF-SK

16 |            Plaintiff,             | Hon. Maame Ewusi-Mensah Frimpong

17 |                                   | Referral:  Hon. Steve Kim

18 |      v.                           |

19 | SEQUOIA CAPITAL, et al.,          | **MICHAEL LEWIS GOGUEN'S
                                         MOTION FOR AN ORDER (1)
20 |            Defendants.            | DECLARING AMBER BAPTISTE
                                         A VEXATIOUS LITIGANT AND (2)
21 |                                   | IMPOSING A PRE-FILING
                                         REQUIREMENT UPON HER**
22

23                                      [Submitted concurrently with the
                                        Declaration of Kyle Batter and
24                                      [Proposed] Order]

25
                                        Date: November 9, 2023
26                                      Time: 10:00 am
                                        Courtroom: 8B
27

28

1

## NOTICE OF MOTION AND MOTION

2

### TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

3        **PLEASE TAKE NOTICE** that on November 9, 2023 at 10:00 am, or as soon

4   thereafter as the matter may be heard before the Honorable Judge Maame Ewusi-

5   Mensah Frimpong of the United States District Court for the Central District of

6   California, located at 350 West First Street, Los Angeles, CA, 90012, Courtroom 8B,

7   8th Floor, the undersigned, on behalf of Defendant Michael Goguen will, and hereby

8   does, move this Court (1) for an order declaring that Baptiste is a vexatious litigant,

9   and (2) for a pre-filing order enjoining Baptiste from filing any complaint or other

10  document in any court, state or federal, within the United States or its possessions, (a)

11  making any of the false allegations that the San Mateo Superior Court twice enjoined

12  Baptiste from making or (b) against any of the following individuals, without first

13  obtaining leave of the court in which she intends to file:

14  - Michael Lewis Goguen;

15  - Jamie Stephenson Goguen (Mr. Goguen's wife);

16  - Two Bear Capital (Mr. Goguen's company); and

17  - Goguen's counsel Quinn Emanuel Urquhart & Sullivan, LLP, including but

18    not limited to the following attorneys: John Quinn, Kathleen Sullivan, Diane

19    M. Doolittle, Bruce Van Dalsem, Christopher Tayback, William Price,

20    Suong Nguyen, Joseph Sarles, Patrick Doolittle, Margret Caruso, Michael

21    Lifrak, Sara Pollock, Kyle Batter, Megan Kerr, Alex Gerbi, Ted Greeno,

22    Aidan O'Rourke, Leonidas Angelakos, and Gregory Pantlin.

23        This motion is made pursuant to C.D. Cal. Local Rule 83-8, 28 U.S.C. 1651,

24  and the Court's inherent authority to "regulate the activities of abusive litigants" (*De

25  Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).  This Motion is based on

26  this Notice of Motion and Motion, the Memorandum of Points and Authorities in

27  support thereof, the Declaration of Kyle Batter, all matters of which the Court may

28

take judicial notice, and such other evidence and argument as may be presented at or before the hearing on this Motion.[1]

DATED: October 6, 2023                  QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By: */s/ Diane M. Doolittle*
                                            Diane M. Doolittle
                                            *Attorneys for Defendant Michael Goguen*

---

[1]     The conferral requirement in L.R. 7-3 does not apply to this Motion because Baptiste is appearing *pro se* and is not an attorney.

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ....................................................................................... 2

I.    Baptiste Lost in the San Mateo Superior Court .............................................. 2

II.   The San Mateo Superior Court Issued Two Restraining Orders Against Baptiste ........................................................................................................... 4

III.  The San Mateo Superior Court Found Baptiste in Contempt For Repeatedly Violating the Restraining Orders ................................................ 4

IV.   Baptiste Has Lost in this Court Three Times .................................................. 5

       A.   This Court Dismissed Baptiste's First Suit as Patently Frivolous .......... 5

       B.   This Court Dismissed Baptiste's Second Suit as Frivolous, Malicious, and Duplicative of Baptiste's First Suit ................................ 6

       C.   This Court Dismissed Baptiste's Third Suit as Frivolous, Malicious, and Barred by Res Judicata .................................................. 7

V.    Baptiste Has Repeatedly and Falsely Claimed That Goguen Bribes the Judiciary and That Judges in C.D. Cal. Accepted Bribe Money in Exchange for Dismissing Baptiste's Complaints ............................................ 8

VI.   Having Had All Three of Her Frivolous Suits Dismissed by This Court, Baptiste Has Threatened to File in "Each and Every Jurisdiction[,] Country, City, Province, State, [and] District" ................................................ 9

LEGAL STANDARDS .......................................................................................... 10

I.    Courts Have Inherent Power to Declare a Person a Vexatious Litigant ........ 10

II.   C.D. Cal. Local Rules Affirm and Augment the Court's Inherent Powers ............................................................................................................ 11

III.  Courts Employ a Four Factor Test for a Finding of Vexatiousness .............. 11

ARGUMENT ......................................................................................................... 12

I.    THE PROCEDURAL FACTORS ................................................................... 13

       A.   This Motion Provides Baptiste with the Requisite Notice and An Opportunity to Oppose ........................................................................ 13

       B.   Goguen Has Provided a Record of Baptiste's Vexatious Filings ......... 13

II.   THE SUBSTANTIVE FACTORS .................................................................. 14

A.    The Court Has Repeatedly Held That Baptiste's Serial Findings are Frivolous and Vexatious ................................................................ 14

B.    Goguen's Request Seeks Appropriately Tailored Relief ..................... 16

CONCLUSION ......................................................................................................... 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

*Amber Baptiste v. Michael Goguen*,
  CIV537691 (San Mateo Superior Court, 2016) .................................................. 13

*Amber Doe v. Michael Goguen*,
  2:23-cv-02280-MEMF-SK (C.D. Cal. 2023) .................................................. 13

*Amber Doe v. Michael Goguen et al.*,
  9:23-cv-00088-DWM (D. Mont. 2023) .................................................. 13

*Amber Doe v. Sequoia Capital et al.*,
  2:23-cv-06439-MEMF-SK (C.D. Cal. 2023) .................................................. 13

*De Long v. Hennessey*,
  912 F.2d 1144 (9th Cir. 1990) ........................................9, 10, 11, 12, 13, 14, 15

*GemCap Lending, LLC v. Quarles & Brady, LLP*,
  269 F. Supp. 3d 1007 (C.D. Cal. 2017) .................................................. 3

*Jane Doe v. Michael Goguen et al.*,
  CV-23-00093358-0000 (Ontario, Canada, Superior Court of Justice) .............. 13

*Jane Freedom Doe v. Michael Goguen*,
  2:23-cv-04723-MEMF-SK (C.D. Cal. 2023) .................................................. 13

*Molski v. Evergreen Dynasty Corp.*,
  500 F.3d 1047 (9th Cir. 2007) ....................................10, 11, 12, 13, 15

*Safir v. U.S. Lines, Inc.*,
  792 F.2d 19 (2d Cir. 1986) .................................................11, 14, 15, 16

## <u>Rules/Statutes</u>

28 U.S.C. 1651 .................................................. 10

Fed. R. Evid. 201 .................................................. 2

## <u>Other Authorities</u>

Local Rule 83-8 .................................................. 16

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Amber Baptiste has been prosecuting specious claims against Michael Goguen for the last seven years.  Starting in 2016, Baptiste began filing frivolous lawsuits, posting false, incendiary messages on social media, and making fraudulent reports to law enforcement, all to try to take down her former, occasional paramour.  Her efforts have been a spectacular failure.  By 2019, the San Mateo Superior Court dismissed her first lawsuit with prejudice.  Later in 2019, after a full trial on the merits on Goguen's counterclaims in the same matter, Baptiste was found to have extorted, defrauded, and defamed Goguen.  The Court entered judgment against her for $14 million and enjoined her from re-publishing her slanderous invective.

Undeterred by her loss, however, Baptiste has filed multiple additional lawsuits and untold frivolous motions against Goguen and dozens of people loosely affiliated (and some entirely unaffiliated) with the original case, asserting the same claims that she litigated and lost.  Although each court that has considered the issue has dismissed these follow-on lawsuits, calling them "patently frivolous," "duplicative," "an unauthorized collateral attack on the judgment of the San Mateo County Superior Court," "appear[ing] to have no purpose other than a vexatious one of circumventing the civil harassment restraining order entered by the San Mateo County Superior Court," and "barred by res judicata," there is no end in sight.  Baptiste has threatened that she will be "filing [duplicative lawsuits] in every court," "in each and every jurisdiction country, city, province, state, [and] district."  (Declaration of Kyle Batter filed herewith, Exhibit J.)  She is now doing exactly what she threatened.  In 2023 alone, she filed *six* new, copycat lawsuits in state and federal courts in California, federal courts in New York and Montana, and the District Court in Canada.

This Court should exercise its inherent power to regulate the activities of abusive litigants to declare Baptiste a "vexatious litigant."  Her flagrant abuse of the

judicial process to play out her campaign of vindictiveness and spitefulness against Goguen cannot be tolerated.

Accordingly, Goguen respectfully requests that the Court (1) enter an order declaring that Baptiste is a vexatious litigant, and (2) enter a pre-filing order enjoining Baptiste from filing any complaint or other document (a) making any of the false allegations that the San Mateo Superior Court twice enjoined Baptiste from making[2] or (b) against any of the following individuals, without first obtaining leave of the court in which she intends to file:

- Michael Lewis Goguen
- Jamie Stephenson Goguen (Mr. Goguen's wife)
- Two Bear Capital (Mr. Goguen's company)
- Goguen's counsel Quinn Emanuel Urquhart & Sullivan, LLP, including but not limited to the following attorneys: John Quinn, Kathleen Sullivan, Diane M. Doolittle, Bruce Van Dalsem, Christopher Tayback, William Price, Suong Nguyen, Joseph Sarles, Patrick Doolittle, Margret Caruso, Michael Lifrak, Sara Pollock, Kyle Batter, Megan Kerr, Alex Gerbi, Ted Greeno, Aidan O'Rourke, Leonidas Angelakos, and Gregory Pantlin

## STATEMENT OF FACTS

### I.    Baptiste Lost in the San Mateo Superior Court

Baptiste and Goguen were involved in an on-again off-again romantic relationship over the span of more than a decade.  (Batter Decl., Exhibit A (Final Statement of Decision) at ¶ 3.)[3]  In 2013, Goguen ended that relationship.  (*Id.* ¶ 59.)

---

[2]    *See* Batter Decl., Exs. B & C at Attachment 11.

[3]    Goguen respectfully requests that the Court take judicial notice of Exhibits A-I, which are documents filed by federal or state courts.  Rule of Evidence 201 allows the Court to take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  This Court routinely takes

In response, Baptiste expressed to Goguen that her "heart [was] broken," that she was "so mad" about the break-up she "could spit hornets," and she threatened that if Goguen did "not want to love" her, he could "pay" her instead.  (*Id.* ¶¶ 61-63.) Baptiste then repeatedly threatened to file a lawsuit against Goguen, falsely claiming that he had infected her with a sexually transmitted disease. (*Id.* at page 1.)  To avoid a public lawsuit over false and incendiary claims, Goguen entered into a settlement agreement with Baptiste.  (*Id.*)  In return, Baptiste agreed, among other things, to cease all communications with Goguen.  (*Id.*)  During the first seven months after signing the agreement, however, Baptiste sent Goguen nearly 1,600 threatening and harassing text messages.  (*Id.*)  In response, Goguen told Baptiste that she had breached their agreement, and so he would not continue to perform. (*Id.*)  Enraged, Baptiste sent Goguen a barrage of text messages over the next 15 months, accusing Goguen of numerous crimes and misdeeds (including fabricated claims of rape and human trafficking) and threatening to sue him.  (*Id.*)

On March 8, 2016, Baptiste followed through with her threats and filed a lawsuit against Goguen in the San Mateo Superior Court for breach of her extorted contract.  (*Id.* 111.)  Baptiste falsely asserted that Goguen was engaged in human trafficking and sexually assaulted Baptiste and others.  (*Id.*)  On March 14, 2016, Goguen filed a cross-complaint for, among other things, extortion, fraud, and a civil harassment restraining order.  (*Id.* ¶ 113.)  On September 12, 2019, Baptiste's complaint was dismissed in its entirety due to her "willful violation" of numerous court orders.  (*Id.* ¶ 119.)  Goguen's cross claims proceeded to trial on October 28, 2019.  (*Id.* ¶ 129.)  Following a trial on the merits, the court issued its Final Statement of Decision on January 24, 2020, finding that Baptiste extorted and defrauded Goguen for $40 million.  (*Id.* at pages 38-39.)

---

judicial notice of documents from other courts.  *See, e.g.*, *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017).

## II.     The San Mateo Superior Court Issued Two Restraining Orders Against Baptiste

As part of the San Mateo Superior Court's Judgment, the court issued a civil harassment restraining order against Baptiste, ordering that she was restrained "from repeating [eighteen enumerated] false and defamatory statements" concerning Goguen.  (Batter Decl., Ex. A at 39-40; *id.*, Ex. B (Restraining Order).)  On March 6, 2023, following Baptiste's repeated violations of the Restraining Order, the court renewed the Order for a further three years.  (*Id.*, Ex. C (Renewed Restraining Order).)

The Restraining Orders prohibit Baptiste from falsely alleging, among other things, that Goguen: (1) purchased Baptiste from an organized crime syndicate; (2) raped or abused Baptiste or any other women; (3) infected Baptiste or any other women with an STD; (4) kept Baptiste as a sex slave; (5) tore Baptiste's anal canal during sex; (6) stalked or harassed Baptiste or any other persons; (7) engaged in human trafficking; (8) is a pedophile, psychopath, pervert, or sexual deviant; (9) forced women to have abortions; (10) committed or solicited murder; (11) bribed the Court, attorneys, or law enforcement; (12) tampered with evidence; (13) married multiple prostitutes; (14) committed tax fraud; or (15) silenced victims through nondisclosure agreements.  (*Id.* at Attachment 11.)

## III.    The San Mateo Superior Court Found Baptiste in Contempt For Repeatedly Violating the Restraining Orders

Baptiste largely ignored the Restraining Orders and continued to repeatedly defame Goguen, including by making additional filings that, as the San Mateo Superior Court put it, were "over 1000 pages" and "replete with statements that were enjoined by the Court's Restraining Order."  (Batter Decl., Ex. D (Order Denying Motion) at 3, 4.)  Baptiste's continued violations prompted the court to issue an order to show cause as to why Baptiste should not be held in contempt for "engag[ing] in a pattern of conduct in apparent violation of the Restraining Order's restriction on her repeating statements concerning Goguen which have been previously adjudicated as

false and defamatory." (*Id.*, Ex. E (Order to Show Cause) at 2.)

On August 3, 2023, at the hearing on the Order to Show Cause, the court found that Baptiste had "willfully disobeyed the Temporary Restraining Orders on at least nine separate occasions by repeating enumerated false and defamatory statements" and found Baptiste "guilty of contempt of court on nine counts of contempt." (*Id.*, Ex. F (Order re Contempt).)

## IV.   Baptiste Has Lost in this Court Three Times

### A.   This Court Dismissed Baptiste's First Suit as Patently Frivolous

On March 28, 2023, only weeks after the San Mateo Superior Court issued the Renewed Restraining Order, Baptiste filed a complaint against Goguen in this Court. (Case No. 2:23-cv-02280-MEMF-SK, ECF No. 1.)  The retaliatory 1,753-page *pro se* filing purported to bring claims against more than 150 named defendants including Goguen, his wife, several of Goguen's companies (including Two Bear Capital), Judge Danny Chou of the San Mateo Superior Court who presided over the trial, numerous other San Mateo county judges who issued orders against Baptiste, multiple law firms (including Goguen's counsel Quinn Emanuel Urquhart & Sullivan LLP and many of its attorneys), the United States of America, the State of California, the U.S. Mint, and a host of unrelated corporations and executives including Microsoft, Oracle, GMC, Apple, Kodak, Boeing, Honda Motor Company, Elon Musk, Bill Gates, the World Bank, "Rappers," and "Rock Stars." (*Id.* at 3-19.)  As with her complaint in San Mateo Superior Court, Baptiste's first C.D. Cal. complaint falsely claimed that Goguen was engaged in human trafficking and sexually assaulted Baptiste and others, as well as made the other false claims Baptiste was enjoined from making—all issues that were conclusively decided against Baptiste by the San Mateo Superior Court at trial. (*See, e.g.*, *id.* at 59.)

Shortly thereafter, the Court sealed many of Baptiste's filings because they violated the Restraining Orders.  (ECF Nos. 9, 17, 35.)  The Court gave Baptiste "a chance to explain (if possible) why her complaint should be allowed to proceed given

its manifest deficiencies." (Batter Decl., Ex. G (Dismissal Order) at 4.) Yet rather than appropriately respond to the Court's Order, Baptiste "doubled down" by filing an application for a temporary restraining order, a "defective motion for default judgment," and "a 500-page motion for summary judgment supported by a 1,700-page declaration with exhibits," "which not only referenced prohibited statements from the state court restraining order but again included sexually explicit content." (*Id.*) Baptiste's filings were, this Court concluded, in "flagrant violation of the [San Mateo Superior] court's order" and "fail[ed] to show cause why [Baptiste's] complaint should not be dismissed [due to a number of] deficiencies." (*Id.*)

On May 22, 2023, this Court dismissed Baptiste's complaint *sua sponte* with prejudice, finding that it was "patently frivolous," "an unauthorized collateral attack on the judgment of the San Mateo County Superior Court, which entered a civil harassment restraining order against plaintiff and in favor of defendant Michael Goguen." (*Id.*) The Court further found that Baptiste's complaint "fail[ed] all . . . pleadings standards," and "contain[ed] incomprehensible ramblings with no coherent factual allegations or intelligible legal claims," and "appear[ed] to have no purpose other than a vexatious one of circumventing the civil harassment restraining order entered by the San Mateo County Superior Court." (*Id.*)

### B.    This Court Dismissed Baptiste's Second Suit as Frivolous, Malicious, and Duplicative of Baptiste's First Suit

The Court's dismissal of Baptiste's first suit did not stop Baptiste's abuse of the legal system. Several weeks later, on June 14, 2023, she filed another complaint in this Court (again against Goguen's counsel Quinn Emanuel Urquhart & Sullivan LLP and many of its attorneys), though she sought to conceal her identity from the Court by filing under the pseudonym "Jane Freedom Doe." (Case No. 2:23-cv-04723-MEMF-SK, ECF No. 1.) As with Baptiste's two prior complaints, this complaint again falsely claimed that she had been trafficked and sexually assaulted by Goguen, as well as made the other false claims Baptiste was enjoined from making. (*See, e.g.*,

*id.* at 8.)   The Court quickly recognized that "Jane Freedom Doe" was actually Baptiste is disguise and *sua sponte* dismissed her complaint with prejudice just two days later, finding that "[t]his action is duplicative of one the Court previously dismissed with prejudice" and therefore "this newly filed action also must be dismissed with prejudice."  (Batter Decl., Ex. H (Dismissal Order).)

### C.   This Court Dismissed Baptiste's Third Suit as Frivolous, Malicious, and Barred by Res Judicata

Apparently recognizing that she would have no luck in C.D. Cal., on July 6, 2023, Baptiste subsequently filed an identical 1,355-page complaint in the District Court for the Southern District of New York (Case No. 1:23-cv-05881-UA), but the court was made aware of Baptiste's prior filings and thus transferred her case to C.D. Cal., where her prior actions had been dismissed with prejudice.  (Case No. 2:23-cv-06439-MEMF-SK, ECF No. 8.)  For the *fourth* time, Baptiste sought to relitigate the very issues she had lost at trial, and against all of the same purported defendants as her prior suits, including Goguen, his wife, his company Two Bear Capital, his counsel Quinn Emanuel, and countless others.  (*See, e.g.*, ECF No. 1 at 1-4, 27, 29.) On September 20, 2023, the Court *sua sponte* dismissed Baptiste's suit with prejudice, again finding that it was "frivolous or malicious" and "barred by res judicata" because Baptiste had "raised her allegations twice before" and "the allegations in the instant action are almost identical to the allegations in [her first C.D. Cal. suit]."  (Batter Decl., Ex. I (Dismissal Order) at 2.)

The Court's three Dismissal Orders have not stopped Baptiste, and she has filed *a fifth* substantively identical complaint, this time in the District Court for the District of Montana (though the caption states "District of Columbia," suggesting that Baptiste plans to recycle her frivolous claims with District Courts around the country).  (Batter Decl. ¶ 25.)

**V.**     **Baptiste Has Repeatedly and Falsely Claimed That Goguen Bribes the Judiciary and That Judges in C.D. Cal. Accepted Bribe Money in Exchange for Dismissing Baptiste's Complaints**

During the pendency of Baptiste's case in San Mateo Superior Court, she made numerous false claims that Goguen "bribed the Court, Baptiste's attorneys, and law enforcement, and tampered with records to hide his crimes."  (Batter Decl., Ex. A at ¶ 102.)  In light of Baptiste's repeated false claims, the court restrained Baptiste from claiming that Goguen "bribed the Court, attorneys, or law enforcement."  (*Id.*, Ex. C at Attachment 11.)  However, since then, Baptiste has continued to make these false claims unabated.  (*See, e.g.*, Ex. J at 1 (claiming Goguen has control over "henchmen dirty cops [and] bribed judges").)

More recently, Baptiste has extended her outlandish claims of bribery to Central District of California Judges Maame Ewusi-Mensah Frimpong and Steve Kim.  Specifically, on August 18, 2023, after this Court dismissed two of Baptiste's three C.D. Cal. complaints, Baptiste filed a motion to disqualify Judges Frimpong and Kim, claiming that "Steve Kim and Hon Maame Frimpong are also accepting bribe money to deprive me of a trial while acting under the color of the law."  (Case No. 2:23-cv-06439-MEMF-SK, ECF No. 13 at 9; *see also id.* at 79 (stating that "[t]hese California judges who are committing criminal acts while in their position and accepting bribery can be prosecuted"); *id.* at 9 (claiming that "Judge Frimpong and Judge Kim . . . continue obstruction [sic] the course of justice"); *id.* at 6 (asserting that her "case should not be assigned to [Judges Frimpong and Kim] under any circumstances" because "they are not mentally fit to preside over my case due to corruption and their prejudice"); Batter Decl., Ex. K (claiming that Judges Frimpong and Kim were part of the "malicious conspiracy" to "deprive [Baptiste] of a right to trial"); *id.*, Ex. V (accusing Judge "Maame Frimpong [of] . . . judicial corruption").

## VI.   <u>Having Had All Three of Her Frivolous Suits Dismissed by This Court, Baptiste Has Threatened to File in "Each and Every Jurisdiction[,] Country, City, Province, State, [and] District"</u>

This Court's with-prejudice dismissal of Baptiste's three nearly identical complaints has unfortunately not deterred her.  Rather than accept the Court's rulings, Baptiste has since repeatedly threatened to file countless other vexatious complaints in state and federal courts across the country—as well as around the globe.  For instance, on August 3, 2023, shortly after this Court dismissed Baptiste's first two C.D. Cal. complaints, and the very day the San Mateo Superior Court held Baptiste in contempt for repeatedly violating the Restraining Orders, Baptiste emailed Goguen's counsel, the San Mateo Superior Court, and a host of third parties that she was "never going back to the San Mateo court ever again in [her] life," and instead would be "filing in every court," "in each and every jurisdiction country, city, province, state, [and] district."  (Batter Decl., Ex. J at 1-3.)  In addition to suing Goguen and his attorneys (as she had done before), Baptiste threatened to add "the Canadian Government, the US Government, [and] the King of England."  (*Id.* at 3.)  Baptiste followed up with a further threatening email, stating, "I am going to file in several more jurisdictions, states and countries."  (*Id.*, Ex. L.)  Baptiste made true on that threat shortly thereafter by filing yet another duplicative suit—her *sixth*—this time in the California Superior Court, County of Orange, and then a *seventh* suit in Ontario, Canada.  (Batter Decl. ¶¶ 26, 27.)

These threat from Baptiste are hardly outliers.  In just the last two months alone she has threatened to file additional lawsuits for the same previously adjudicated claims *dozens* of times.  (*See, e.g.*, *id.*, Ex. M (threatening to file in "[e]very jurisdiction where I was trafficked by Hells Angels" and "[e]very place the [sic] predator transported me"); *id.*, Ex. N (threatening that "[s]ervice of all my additional lawsuits to come in this week"); *id.*, Ex. O (threatening, "I am also filing on the Crown Of the United Kingdom as that is my legal right. And if possible I will file in the

international crimes court."); *id.*, Ex. P (threatening to file with "the supreme court of Canada and the Supreme Court of the united states"); *id.*, Ex. Q ("I am starting my Vlog this weekend and where I will exhibit step by step about how to go before the Supreme Court"); *id.*, Ex. R (threatening Goguen's attorneys, " I will see all of you criminals . . . at your state bar trial"); *id.* (threatening to "extradit[e] you psychos [i.e., Goguen and his attorneys] for trial outside of the United States"); *id.*, Ex. S (threatening that, "[a]ll of my cases to extradite the defendants start next week"); *id.*, Ex. T (threatening to sue JAMS "for [Judge] Read Ambler[']s corruption" in overseeing discovery disputes in Baptiste's San Mateo case); *id.*, Ex. U (threatening to file an action in Canada so Baptiste could "extradite the psychopath [Goguen] to Canada"); *id.* (threatening to file suit in the U.S. Virgin Islands, based on the false claim she was trafficked there); *id.*, Ex. V (threatening to file a "total [of] 244 causes of action" and "find some additional Montana causes of action" so that Baptiste could "proceed to trial in the supreme court of montana").

Her apparent rational in threatening scattershot filings in state and federal courts across the country and around the globe is her hope to re-litigate all of the issues she *definitively lost* in the San Mateo Superior Court after a trial on the merits and circumvent the Restraining Orders issued against her.  (*See, e.g.*, *id.*, Ex. W ("You are not ever going to be able to get *every judge in every country* to deprive me of my rights.  Clearly Judicial bribery is rampant in this country") (emphasis added).)  Based on her many emails, threats, and lawsuits, it is apparent that Baptiste will continue to file frivolous, vexatious, nearly identical suits around the county unless she is enjoined from doing so with court oversight and approval.

## LEGAL STANDARDS

### I.   Courts Have Inherent Power to Declare a Person a Vexatious Litigant

"[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants."  *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  "Flagrant abuse of the judicial process cannot be tolerated

because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057, 1062 (9th Cir. 2007). Specifically, the All Writs Act (28 U.S.C. 1651) empowers courts to "enjoin[] litigants with abusive and lengthy [litigation] histories." *De Long*, 912 F.2d at 1144.

## II.    C.D. Cal. Local Rules Affirm and Augment the Court's Inherent Powers

"It is the policy of the [District Court for the Central District of California] to discourage vexatious litigation" and "the intent of [the Local Rules] to augment the inherent power of the Court to control vexatious litigation." C.D. Cal. Local Rule 83-8.1. "On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time . . . make such . . . orders as are appropriate to control the conduct of a vexatious litigant." *Id.* 83-8.2. "Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require." *Id.* "Any order issued under L.R. 83-8.2 shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." *Id.* 83-8.3.

## III.   Courts Employ a Four Factor Test for a Finding of Vexatiousness

Courts in the Ninth Circuit may enter an order finding that a person is a vexatious litigant who must be "enjoined . . . from filing any further actions or papers with the federal district court without first obtaining leave" after the court (1) gives the litigant notice and an opportunity to oppose the order, (2) creates an adequate record reflecting that "the litigant's activities were numerous or abusive," (3) makes a "substantive finding as to the frivolous or harassing nature of the litigant's actions," and (4) crafts an order that is tailored "to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1145; *Molski*, 500 F.3d at 1057.

1        "The first two requirements, (1) notice and an opportunity to be heard and (2)

2 the creation of an adequate record, are procedural considerations . . . .   The latter two

3 factors, requiring (3) findings of frivolousness or harassment and (4) that the order be

4 narrowly tailored to prevent the litigant's abusive behavior, are substantive

5 considerations."  *Molski*, 500 F.3d at 1057.   The Second Circuit opinion in *Safir v.*

6 *U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986) established a "five-factor standard [that]

7 provides a helpful framework for applying the two substantive factors (factors three

8 and four) of [the Ninth Circuit's] four-factor standard."  *Id.* at 1058.  The *Safir* factors

9 are: "(1) the litigant's history of litigation and in particular whether it entailed

10 vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the

11 litigation, for example, whether the litigant had a good faith expectation of prevailing;

12 (3) whether the litigant is represented by counsel; (4) whether the litigant has caused

13 unnecessary expense to the parties or placed a needless burden on the courts; and (5)

14 whether other sanctions would be adequate to protect the courts and other parties."

15 *Id.* at 1051.

16                                               **ARGUMENT**

17        Goguen's Motion satisfies each of the elements in *De Long* and *Molski*, thus

18 warranting a finding that Baptiste is a vexatious litigant who must be enjoined from

19 further vexatious filings.  Specifically, Goguen's Motion (1) provides Baptiste with

20 the requisite notice, (2) lists Baptiste's prior frivolous and harassing filings (as well

21 as details her plans to continue with such filings), (3) explains—as the Court has

22 already held on three separate occasions—why Baptiste's prior filings are frivolous

23 and harassing, and (4) seeks an order that is appropriately tailored to preventing

24 further such filings by Baptiste, by requesting a pre-filing order that Baptiste be

25 enjoined from filing any complaint or other document making the false allegations

26 the San Mateo Superior Court twice enjoined Baptiste from making, or against the

27 purported defendants named in Baptiste's vexatious lawsuits, without first obtaining

28 leave of court.

## I.     THE PROCEDURAL FACTORS

### A.     This Motion Provides Baptiste with the Requisite Notice and An Opportunity to Oppose

Notice is satisfied where the litigant is "provided with an opportunity to oppose the order [finding vexatiousness] before it [is] entered." *De Long*, 912 F.2d at 1145. "[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue"; "the opportunity to brief the issue fully satisfies due process requirements." *Molski*, 500 F.3d at 1059.

Through this Motion, Goguen has provided Baptiste with notice of his request that she be deemed a vexatious litigant and enjoined from making further frivolous filings. *Id.* at 1058 ("Molski had fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him because the district court's order was prompted by a motion filed by the defendants and served on Molski's counsel.  Also, Molski had the opportunity to oppose the motion, both in writing and at a hearing.").  Indeed, the Local Rules expressly permit a party to seek a finding of vexatiousness "on motion of a party."  C.D. Cal. Local Rule 83-8.2.

### B.     Goguen Has Provided a Record of Baptiste's Vexatious Filings

Courts create a sufficient "adequate record for review" simply by "listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147; *Molski*, 500 F.3d at 1059 ("The district court compiled a record adequate for review of its order" where "[t]he record before the district court contained a complete list of the cases filed by Molski in the Central District of California").

To date, Baptiste has filed no less than *seven* complaints falsely alleging that Goguen was or is engaged in human trafficking and sexually assaulted Baptiste or others, as well alleging the other false claims Baptiste was enjoined from making. The first four of those complaints have been dismissed with prejudice as frivolous, malicious, vexatious, or as a sanction to Baptiste.

- *Amber Baptiste v. Michael Goguen*, Case No. CIV537691 (San Mateo Superior Court, 2016) (Baptiste's complaint dismissed with prejudice due to her willful violation of numerous court orders; Goguen prevailed at trial on all counterclaims, obtained an order finding Baptiste's allegations to be false and defamatory, and obtained an injunction against her from republishing them).  (Batter Decl., Ex. A at ¶ 119, pages 33-36).

- *Amber Doe v. Michael Goguen*, Case No. 2:23-cv-02280-MEMF-SK (C.D. Cal. 2023) (dismissed with prejudice as "legally and/or factually patently frivolous").  (Batter Decl., Ex. G.)

- *Jane Freedom Doe v. Michael Goguen*, Case No. 2:23-cv-04723-MEMF-SK (C.D. Cal. 2023) (dismissed with prejudice as "frivolous or malicious").  (Batter Decl., Ex. H.)

- *Amber Doe v. Sequoia Capital et al.*, Case No. 2:23-cv-06439-MEMF-SK (C.D. Cal. 2023) (dismissed with prejudice as "frivolous" and "barred by res judicata").

- *Amber Doe v. Michael Goguen et al.*, Case No. 9:23-cv-00088-DWM (D. Mont. 2023) (motion to dismiss pending).  (Batter Decl. ¶ 25.)

- *Amber Laurel Baptiste v. Michael Lewis Goguen et al.*, Case No. 30-2016-00853797-CU-BC-CJC) (Orange County Superior Court) (filed September 18, 2023).  (Batter Decl. ¶ 25.)

- *Jane Doe v. Michael Goguen et al.*, Case No. CV-23-00093358-0000 (Ontario, Canada, Superior Court of Justice) (filed September 25, 2023). (Batter Decl. ¶ 27.)

## II.  THE SUBSTANTIVE FACTORS

### A.  The Court Has Repeatedly Held That Baptiste's Serial Findings are Frivolous and Vexatious

"The third factor set forth by *De Long* gets to the heart of the vexatious litigant analysis."  *Molski*, 500 F.3d at 1059 (affirming order "declaring Molski a vexatious

litigant and . . . imposing a pre-filing order against him" where "Molski used [repeated ADA] lawsuits and their false and exaggerated allegations as a harassing device").  A Court's findings of frivolousness or harassment are each independently sufficient to constitute vexatiousness.  *De Long*, 912 F.2d at 1148.  To make a finding of frivolousness or harassment, courts "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.*

This Court has *already found*—on three separate occasions—that Baptiste's filings are frivolous and duplicative.  *See, e.g.*, *Safir*, 792 F.2d at 24 (in evaluating vexatiousness, courts consider "the litigant's history of litigation" and whether it included "duplicative lawsuits").  Specifically, on May 22, 2023, the Court dismissed Baptiste's first C.D. Cal. complaint with prejudice, finding that it was "patently frivolous," "an unauthorized collateral attack on the judgment of the San Mateo County Superior Court," "contain[ed] incomprehensible ramblings with no coherent factual allegations or intelligible legal claims," and "appear[ed] to have no purpose other than a vexatious one of circumventing the civil harassment restraining order entered by the San Mateo County Superior Court."  (Batter Decl., Ex. G.)  But that did not stop Baptiste, who simply filed another complaint.  The Court dismissed that as well, finding that it, too, was "frivolous or malicious" and "duplicative of one the Court previously dismissed with prejudice." (*Id.*, Ex. H.)  Baptiste, however, was undeterred and filed yet *another* complaint, this time in S.D.N.Y. in an effort to avoid C.D. Cal.  But after the case was transferred, this Court yet again dismissed her complaint with prejudice, and again found that it was "frivolous" and "barred by res judicata" because Baptiste had "raised her allegations twice before" and "the allegations in the instant action are almost identical to the allegations in [her first C.D. Cal. suit]." (*Id.*, Ex. I.)

A vexatious litigant order is warranted where—as here—the court has made a "finding as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148.  Baptiste's repeated suits have caused "needless expense to other

parties [and have] posed an unnecessary burden on the courts and their personnel." *Safir*, 792 F.2d at 24. Further, Baptiste's complaints are wholly without merit, but even if they had some modicum of merit, they would still be vexatious and harassing because they continue to make false allegations expressly prohibited by the Restraining Orders. "Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions." *Molski*, 500 F.3d at 1060.

Baptiste has since continued with her nearly duplicative, frivolous filings, filing in California state court, Montana federal court, and in Ontario, Canada. And she has repeatedly threatened that—perhaps absent an order enjoining further vexatious filings—she will never stop: "I am filing in every court, in every country"; "I am filing in each and every jurisdiction country, city, province, state, [and] district." (Batter Decl., Ex. J at 1-3.) "I am going to file in several more jurisdictions, states and countries." (*Id.*, Ex. L; *see also id.*, Exs. M-W.) "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24.

## B.   Goguen's Request Seeks Appropriately Tailored Relief

A pre-filing order finding vexatiousness is appropriately tailored when it restricts a litigant "from filing new actions [1] paralleling the issues being litigated" or "[2] from relitigating issues decided in [prior] cases," absent review and approval by the court. *De Long*, 912 F.2d at 1148; *see also Molski*, 500 F.3d at 1061. Such pre-filing orders are permissible and do not deny access to the courts because they "merely subject[] [the litigant's] complaints to an initial screening review by a district judge." *Molski*, 500 F.3d at 1061. Such orders "add[] a valuable layer of protection . . . for the courts and those targeted by [the litigant's frivolous] claims." *Id.*

Goguen's request for a pre-filing order is appropriately tailored to Baptiste's frivolous and vexatious filings. Goguen is not requesting an order enjoining Baptiste from filing *any* complaint absent court review. Rather, Goguen is requesting that any

complaint by Baptiste that (1) repeats the false allegations the San Mateo Superior Court twice enjoined Baptiste from making—*and that Baptiste has repeated throughout her seven vexatious lawsuits*—or, (2) is brought against Goguen, his family, his companies, or his counsel—as Baptiste's seven vexatious lawsuits have been—be subject to an initial screening review before being accepted by a court. *See, e.g.*, *De Long*, 912 F.2d at 1148 (a pre-filing order that "closely fit[s] the specific vice encountered" is valid); *Molski*, 500 F.3d at 1061 (affirming as appropriately tailored a finding of vexatiousness and pre-filing order that "prevent[ed] Molski from filing actions under Title III of the ADA"); *Safir*, 792 F.2d at 25 (enjoining litigant "from commencing additional federal court actions relating in any way to defendants' pricing practices or merchant marine subsidies during the 1965–1966 period without first obtaining leave of the district court"). To be clear, neither Goguen, his family, companies, nor counsel have *any* ongoing relationship with Baptiste. She has no reason to file suit against any of them—other than an improper and vexatious one. Absent Goguen's requested pre-filing order, Baptiste's vexatious lawsuits and abusive of the judicial process are almost certain to continue unabated. *See* L.R. 83-8.3.

## CONCLUSION

For the foregoing reasons, and consistent with Local Rule 83-8, Goguen respectfully requests that the Court (1) enter an order declaring that Baptiste is a vexatious litigant, and (2) enter a pre-filing order enjoining Baptiste from filing any complaint or other document in any court, state or federal, within the United States or its possessions, (a) making any of the false allegations that the San Mateo Superior Court twice enjoined Baptiste from making or (b) against any of the following individuals, without first obtaining leave of the court in which she intends to file:

- Michael Lewis Goguen
- Jamie Stephenson Goguen (Mr. Goguen's wife)
- Two Bear Capital (Mr. Goguen's company)

- Goguen's counsel Quinn Emanuel Urquhart & Sullivan, LLP, including but not limited to the following attorneys: John Quinn, Kathleen Sullivan, Diane M. Doolittle, Bruce Van Dalsem, Christopher Tayback, William Price, Suong Nguyen, Joseph Sarles, Patrick Doolittle, Margret Caruso, Michael Lifrak, Sara Pollock, Kyle Batter, Megan Kerr, Alex Gerbi, Ted Greeno, Aidan O'Rourke, Leonidas Angelakos, and Gregory Pantlin

DATED: October 6, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _/s/ Diane M. Doolittle_
      Diane M. Doolittle
      *Attorneys for Defendant Michael Goguen*